UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HSBC BANK USA, NATIONAL ASSOCIATION,
    Plaintiff,

v.

KEYHAN MOHANNA,
    Defendant.

Case No. 15-cv-02130-WHO

**ORDER ON MOTIONS TO REMAND AND DISMISS**

Re: Dkt. Nos. 4, 7, 35

## INTRODUCTION

This order concerns the two motions currently pending in this case: (1) the motion to remand filed by plaintiff HSBC National Bank USA, National Association ("HSBC"); and (2) the motion to dismiss filed by defendant Kehyan Mohanna, acting both individually and as trustee of the Keyhan Mohanna Revocable Trust Dated July 8, 2003 (the "Mohanna Trust").[1] Because Mohanna in his capacity as trustee is the real party defendant in interest in this case and was on notice of this fact more than thirty days before he filed the notice of removal, the motion to remand is GRANTED. Mohanna's motion to dismiss is DENIED AS MOOT.

## BACKGROUND

HSBC filed this action in the Superior Court of California for the County of San Francisco on May 13, 2014 for the purpose of reinstating an interest in real property that HSBC alleges it mistakenly reconveyed. According to the first amended complaint ("FAC"), the loan at issue originated on or around January 30, 2007, when Mohanna executed a promissory note in the amount of $612,500 from GreenPoint Mortgage Funding, Inc. FAC ¶ 7 (Dkt. No. 1). The promissory note was secured by a deed of trust dated January 30, 2007 on the real property located at 1405 Greenwich Street, No. 3, San Francisco, California. *Id.* The first page of the deed of trust identifies the borrower as "Keyhan Mohanna, Trustee of the Keyhan Mohanna Revocable Trust Dated July 8, 2003." FAC Ex. 1.

---

[1] Unless otherwise indicated, all references to Mohanna in this order are to Mohanna both as an individual and in his capacity as trustee.

1    On April 21, 2014, HSBC recorded a "Substitution of Trustee and Full Reconveyance" with the San Francisco County Recorder's Office. FAC Ex. 2. The reconveyance states that HSBC, as substitute trustee of the deed of trust on the property, "in consideration of full payment and satisfaction of the debt secured thereunder, hereby reconveys, releases, and discharges the deed of trust and authorizes and instructs the clerk or recorder to enter satisfaction of and cancel of record of the deed of trust." *Id.*

HSBC alleges that shortly thereafter, it realized that the reconveyance had been recorded in error – i.e., despite the fact that the January 30, 2007 promissory note and deed of trust had not been paid off. FAC ¶ 10. After Mohanna refused to voluntarily agree to rescind the reconveyance and reinstate the deed of trust, HSBC filed this action. *Id.* ¶ 11. The original complaint named as defendants Mohanna as an individual (not in his capacity as trustee) and Does 1 to 25. Dkt. No. 1-1. It alleged three causes of action: (1) cancellation of full reconveyance; (2) declaratory relief; and (3) equitable lien and unjust enrichment. *Id.* On June 24, 2014, Mohanna, acting individually, filed an answer. Mino Decl. Ex. 1 (Dkt. No. 8-1).

HSBC subsequently realized that the deed of trust was executed by Mohanna not in his individual capacity, but in his capacity as trustee. Mino Decl. ¶ 13. It sought leave to amend its complaint to name Mohanna in that capacity. *Id.* On March 26, 2015, the state court granted leave to amend, Mino Decl. Ex. 3, and on April 1, 2015, HSBC filed the FAC, naming Mohanna as a defendant both individually and as trustee. The FAC is otherwise substantially identical to the original complaint and brings the same three causes of action. *See* FAC ¶¶ 13-24; Dkt. No. 1-1.

A proof of service submitted by HSBC indicates that the FAC, but not a summons, was mailed to Mohanna on April 1, 2015. Mino Decl. Ex. 4. The proof of service identifies Mohanna as "defendant, an individual." *Id.* Another proof of service submitted by HSBC indicates that Mohanna was then formally served with the FAC and a summons on April 10, 2105. Mino Decl. Ex. 5. An attachment to what appears to be that summons identifies the defendants as "Keyhan Mohanna, an individual," "Keyhan Mohanna, as Trustee of the Keyhan Mohanna Revocable Trust Dated July 8, 2003," and "Does 1 through 25, inclusive." Dkt. No. 1 at 12-13.

On May 11, 2015, Mohanna removed the case to federal court on the basis of diversity jurisdiction.  Notice of Removal ¶¶ 3-10 (Dkt. No. 1).  The notice of removal states that Mohanna is a citizen of California and that HSBC is a citizen of Virginia.  *Id.* ¶¶ 5-7.

This case was pending in state court for just under one year before Mohanna removed it.  While litigating in his individual capacity, Mohanna filed a motion for judgment on the pleadings, which the state court denied in whole on March 26, 2015.  HSBC RJN Exs. 1-2 (Dkt. No. 11).[2]  The arguments that Mohanna raises in his current motion to dismiss are substantially identical to those raised in the motion for judgment on the pleadings.  *See* Mot. to Dismiss at 6-8 (Dkt. No. 4).  Also on March 26, 2015, the state court granted HSBC's unopposed motion to compel and ordered Mohanna to produce certain requested documents, to attend a deposition, and to pay sanctions in the amount of $7,720 for the expenses and costs associated with his failure to appear at a previously noticed deposition.  Mino Decl. Ex. 6.  The parties subsequently agreed to conduct the deposition on April 16, 2015, and HSBC served Mohanna with a deposition notice for that date.  Mino Decl. ¶¶ 24-25.  When Mohanna again failed to appear, HSBC filed a motion for further sanctions.  Mino Decl. Ex. 12.  That motion was set for hearing on June 5, 2015 when Mohanna filed the notice of removal.  *Id.*

Also while litigating in his individual capacity in state court, Mohanna filed a separate state court action against HSBC in his capacity as trustee.  His complaint, filed on November 14, 2014, alleged a single cause of action for quiet title and concerned the same property and similar facts as this case.  Mino Suppl. Decl. Ex. 1 (Dkt. No. 33-1).  After the state court granted HSBC's demurrer and Mohanna failed to timely file an amended complaint, the state court dismissed the action with prejudice.  Mino Suppl. Decl. Exs. 2-3 (Dkt. Nos. 33-2, 33-3).

---

[2] HSBC's request for judicial notice of Mohanna's state court motion for judgment on the pleadings and the associated notice of ruling, Dkt. No. 11, is GRANTED.  Contrary to Mohanna's arguments in his opposition to the request, Dkt. No. 26, these documents are the proper subject of judicial notice under Federal Rule of Evidence 201.  In light of the ruling on Mohanna's motion to dismiss, his request for judicial notice in support of that motion, Dkt. No. 27, is DENIED AS MOOT.

## LEGAL STANDARD

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction;" accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks and citations omitted). "[I]n a case that has been removed from state court to federal court . . . on the basis of diversity jurisdiction, the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to state court. 28 U.S.C. § 1447(c). However, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *Id.*

## DISCUSSION

Among several arguments that HSBC raises in support its motion to remand, it contends that Mohanna's notice of removal was untimely. I will grant the motion to remand on that ground and will not address HSBC's other arguments.[3] Because this case will be remanded to state court, I do not address Mohanna's motion to dismiss and will deny it as moot.

---

[3] Although I will not address HSBC's other arguments, I note that HSBC cited virtually no authority in support of any of them, and that it failed to timely move for remand on the basis of the "forum-defendant rule" codified at 28 U.S.C. § 1441(b)(2). *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (section 1441(b)(2) "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"). Because HSBC did not raise the forum-defendant rule within thirty days of removal, the argument was waived. *See Lively*, 456 F.3d at 939-42 (forum-defendant rule is a "procedural" as opposed to "jurisdictional" requirement and is thus subject to the thirty-day time limit imposed by section 1447(c) for raising procedural defects); *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037-38 (9th Cir. 1995) (section 1447(c) prohibits a defendant from raising procedural defects more than thirty days after removal, "regardless of whether a timely remand motion has been filed").

28 U.S.C. § 1446(b)(1) prescribes a thirty-day period for removing a case to federal court. It provides in relevant part that the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirty-day removal window begins with formal service of process on the removing defendant in accordance with state law. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999). "[M]ere receipt of the complaint," unaccompanied by formal service, is not enough to start the thirty-day clock. *Id.* at 347-48. "[T]he defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal period begins to run." *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011) (internal quotation marks omitted).

Generally, a later-served defendant has a right of removal separate from that of an earlier-served defendant. *See* 28 U.S.C. § 1446(b)(2); *see also Destfino v. Reiswig*, 630 F.3d 952, 955-56 (9th Cir. 2011) (discussing later-served defendant rule shortly before its codification in 2011). Under section 1446(b)(2)(B), "[e]ach defendant [has] 30 days after receipt by or service on that defendant of the initial pleading or summons described in [section 1446(b)(1)] to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Under section 1446(b)(2)(C), where "a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

That said, courts recognize an exception to this framework in cases involving a "real party defendant in interest" or other closely affiliated "intended defendant" that is mistakenly omitted from the initial complaint. In such circumstances, courts have held that the "real party defendant in interest" may remove to federal court even before it is named as a defendant, and that its thirty-day period to do so begins as soon as it is "on notice" of the plaintiff's mistake. *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96-97 (2d Cir. 2014) (holding that a "real party defendant in interest is . . . entitled to remove, but, if it seeks removal, it must act promptly" because its thirty-day removal window begins when it is "on notice" that the wrong defendant has

5

been named); *see also Lee v. Food Lion, LLC*, No. 12-cv-00142, 2013 WL 588767, at *2-4 (E.D. Va. Feb. 13, 2013) (finding notice of removal untimely where plaintiff mistakenly named a nonexistent entity in its original complaint but the proper defendant "received a copy of the original complaint [and] ascertained that [it] was the intended defendant"); *Ware v. Wyndham Worldwide Inc.*, No. 09-cv-06420, 2010 WL 2545168, at *4-6 (D.N.J. June 18, 2010) (identifying "two requirements [that] must be satisfied to trigger the running of an intended but improperly named defendant's thirty-day removal window" – first, "the intended defendant must be formally served with process," and second, "the intended defendant must ascertain or be able to ascertain that it is indeed the intended defendant and that the plaintiff made a mistake in its complaint"); *Hillberry v. Wal-Mart Stores E., L.P.*, No. 05-cv-00063, 2005 WL 1862087, at *1 (W.D. Ky. Aug. 3, 2005) ("if the proper defendant company is on notice that the wrong company defendant has been named [it] has a duty to remove"); *Brown v. New Jersey Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947, 952-53 (M.D. Tenn. 2004) (finding notice of removal untimely where plaintiffs named the wrong defendant in their complaint and proof of service, but the record indicated that the proper defendant "was on notice of [the] lawsuit from the very beginning"); *Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962, 965-66 (E.D. Mich. 2002) (holding that thirty-day removal window started with service of process on mistakenly named corporate predecessor where the record indicated that the proper defendant "was on notice of [the] litigation from its earliest days" and "had actual knowledge of both the initial complaint and plaintiff's error") (internal emphasis omitted).[4, 5]

---

[4] Some of these decisions reach different conclusions regarding whether the "real party defendant in interest" or other "intended defendant" must receive the misdirected service of process for its thirty-day removal window to start running, or whether mere notice that the wrong defendant has been named is enough. Because there is no dispute that Mohanna was served as an individual more than thirty days before the notice of removal was filed on May 11, 2015, that issue is not material to the outcome here.

[5] A recent decision from this district, *RCM Int'l, LLC v. Alpental Energy Partners, LLC*, No. 14-cv-04788-SC, 2014 WL 6844944 (N.D. Cal. Dec. 4, 2014), reaches a similar result, albeit under a slightly different analysis. There, the court held that a later-served defendant did not have a separate right of removal under section 1446(b)(2), where the later-served defendant was a wholly-owned subsidiary of the earlier-served defendant, the earlier-served defendant concealed this relationship through "obfuscatory discovery behavior," a motion for sanctions in connection with that discovery behavior was pending in state court, and the state court action had been pending for approximately two years. *Id.* at *4-5.

These cases instruct that to determine whether Mohanna in his capacity as trustee timely exercised his right of removal, I must decide whether he in that capacity is the real party defendant in interest, and when he was on notice of that fact.

Under Federal Rule of Civil Procedure 17(a)(1), a real party *plaintiff* in interest is the person holding the "right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014) (internal quotation marks omitted); *see also Malikyar v. Sramek*, No. 07-cv-03533-WHA, 2008 WL 4891020, at *3 (N.D. Cal. Nov. 12, 2008) (real party in interest under Rule 17(a) "is the person who has the right to sue," i.e., "the person holding title to the claim or property involved, as opposed to others who may be interested in or benefit[ed] by the litigation"). Identification of the real party in interest in this context depends on the controlling substantive law – in a diversity case such as one, the applicable state law. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093-94 (9th Cir. 2004). In line with Rule 17(a)(1), courts considering an unnamed defendant's right of removal have defined the real party *defendant* in interest as the "one who, by the substantive law, has the duty sought to be enforced," or the "actual interest or control over the subject matter of the litigation." *Hillberry*, 2005 WL 1862087, at *2.

Applying this definition, there is no question that Mohanna in his capacity as trustee is the real party defendant in interest in this case. The January 30, 2007 deed of trust identifies the borrower as "Keyhan Mohanna, Trustee of the Keyhan Mohanna Revocable Trust Dated July 8, 2003." FAC Ex. 1. In California, "[a] claim based on a contract entered into by a trustee in the trustee's representative capacity . . . may be asserted against the trust by proceeding against the trustee in the trustee's representative capacity, whether or not the trustee is personally liable on the claim." Cal. Prob. Code § 18004. A trustee may be personally liable for certain intentional or negligent acts committed in the course of administration of a trust, *see* Cal. Prob. Code §§ 18001-02; *Haskett v. Villas at Desert Falls*, 90 Cal. App. 4th 864, 877-79 (2001), but "a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity in the course of administration of the trust unless the trustee fails to reveal the trustee's representative capacity or identify the trust in the contract," Cal. Prob. Code § 18000. HSBC's claims do not

7

sound in tort, and the January 30, 2007 deed of trust clearly discloses Mohanna's capacity as trustee of the Mohanna Trust. HSBC's claims concern Mohanna in his representative, not individual, capacity.

There is also no doubt that from the beginning of this litigation, Mohanna has been on notice that he in his representative capacity is the real party defendant in interest. This is evident from the face of HSBC's original complaint, which described the January 30, 2007 deed of trust and referenced it in connection with each of HSBC's three causes of action. *See* Dkt. No. 1-1; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (defendants are required "to apply a reasonable amount of intelligence in ascertaining removability") (internal quotation marks omitted). It is also evident from Mohanna's conduct in state court. After being named as an individual in this action, but months before filing the notice of removal, Mohanna in his capacity as trustee filed a separate quiet title action against HSBC in state court, based on the same property and similar facts as this case. *See* Mino Suppl. Decl. Ex. 1. Like the January 30, 2007 deed of trust itself, a title report attached to the quiet title complaint identifies "Keyhan Mohanna, Trustee of the Keyhan Mohanna Revocable Trust Dated July 8, 2003" as the trustor of the January 30, 2007 deed of trust. *Id.* at 14. At the same time that Mohanna was being sued by HSBC as an individual, he was suing HSBC in his capacity as trustee, and attaching a document to his complaint that listed him in that capacity as the trustor on the deed of trust at issue in this case.

That Mohanna was on notice of this action from the outset, and that there is no unfairness in prohibiting him from removing now, is further supported by the composition of the Mohanna Trust. On July 10, 2015, I asked Mohanna to file a declaration describing the Mohanna Trust so that I could determine if he had authority to represent the Mohanna Trust pro se. Dkt. No. 23. On July 13, 2015, he submitted the trust agreement. Dkt. No. 25.[6] The trust agreement identifies Mohanna as the sole settlor and trustee and states that during his lifetime he retains the right to revoke the trust at will, at which point the trust estate must be immediately redelivered to him. *Id.* In California, the trustee of a revocable trust "owes a fiduciary duty to the settlor, not to the

---

[6] HBSC's objections to the trust agreement, Dkt. Nos. 28, 32, are OVERRULED.

beneficiaries, as long as the settlor is alive . . . When the settlor dies, the trust becomes irrevocable, and the beneficiaries' interest in the trust vests." *Aulisio v. Bancroft*, 230 Cal. App. 4th 1516, 1525 (2014) (internal quotation marks omitted); *see also In re Estate of Giraldin*, 55 Cal.4th 1058, 1065-66 (2012) ("Property transferred into a revocable inter vivos trust is considered the property of the settlor for the settlor's lifetime . . . [T]he beneficiaries' interest in that property is merely potential and can evaporate in a moment at the whim of the settlor.") (internal quotation marks and alterations omitted).

Based on the composition of the Mohanna Trust, Mohanna seeks to proceed pro se on its behalf on the ground that he is the "actual beneficial owner" of the trust interests at stake in this case. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (trustee could not proceed pro se on behalf of trusts where the record did not indicate that he was the "actual beneficial owner of the claims being asserted by the trusts"); *Becker v. Wells Fargo Bank, NA, Inc.*, No. 10-cv-02799, 2012 WL 6005759, at *3-4 (E.D. Cal. Nov. 30, 2012) (holding that, under *C.E. Pope Equity Trust*, the general rule that a pro se trustee may not represent a trust does not apply where the trustee is the sole beneficiary of the trust and is thus the "actual beneficial owner of the claims being asserted"). In light of this purported unity of interest between Mohanna and the Mohanna Trust, and the fact that the only substantive change to the FAC was the addition of Mohanna in his representative capacity, it is not clear what reason Mohanna (a California citizen) had to seek removal when he did except to forum shop, to delay the resolution of this litigation, and to attempt to evade the motion for sanctions pending against him.

The purpose of the later-served defendant rule is fairness – to avoid the "manifest unfairness of depriving later-served defendants of a federal forum," and to prevent plaintiffs from "unfair[ly] manipulat[ing]" the forum determination "by delaying service on defendants most likely to remove." *Destfino*, 630 F.3d at 956-57; *see also RCM*, 2014 WL 6844944, at *3 (noting that Congress codified the later-served defendant rule "out of concern for fairness to later-served defendants") (internal quotation marks omitted). Its purpose is not to enable defendants to exploit pleading errors, or to give them the "undeserved tactical advantage that [they] would have if [they] could wait and see how [they were] faring in state court before deciding whether to remove."

9

*Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). Allowing removal here would advance the latter purposes while undermining the former. This provides additional support for remand.

As the real party defendant in interest, Mohanna in his capacity as trustee was entitled to remove this case at least from the time that he was initially served as an individual. The record does not indicate when exactly that occurred, but there is no dispute that it was more than thirty days before May 11, 2015.[7] Accordingly, the notice of removal was untimely under section 1446(b)(1), and this case must be remanded to state court.

## CONCLUSION

HSBC's motion to remand is GRANTED, and Mohanna's motion to dismiss is DENIED AS MOOT. This case is remanded to the Superior Court of California for the County of San Francisco. The case management conference set for August 18, 2015 is VACATED, and HSBC's motion to continue the case management conference, Dkt. No. 35, is DENIED AS MOOT.[8]

**IT IS SO ORDERED**.

Dated: August 13, 2015



WILLIAM H. ORRICK
United States District Judge

---

[7] At the very latest, Mohanna received service of the FAC naming him in his capacity as trustee effective April 6, 2015. *See* Mino Decl. Ex. 4. But as discussed above, Mohanna was on notice that he in his representative capacity was the real party defendant in interest well before that date.

[8] On August 12, 2015, Mohanna submitted in hard copy a collection of approximately fifty pages of documents. The collection is labeled, "Exhibits – Evidence of Debt Having a Zero Balance." Having reviewed the documents, I find that they are not relevant to the remand issue, and I construe the filing as a request for judicial notice in support of Mohanna's motion to dismiss. In light of the ruling on that motion, the request is DENIED AS MOOT.